Zhuang v. Lynch

BIA
Poczter, IJ
A098 007 830

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand sixteen.

PRESENT:
            JON O. NEWMAN,
            BARRINGTON D. PARKER,
            CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*
_____

XIUBING ZHUANG,
            *Petitioner,*

      v.                                    15-2284
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:          Corey T. Lee, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy,
                         Assistant Attorney General; Leslie
                         McKay, Assistant Director; Margot L.
                         Carter, Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED PART.

Petitioner Xiubing Zhuang, a native and citizen of the People's Republic of China, seeks review of a June 22, 2015, decision of the BIA affirming a November 14, 2013, decision of an Immigration Judge ("IJ") denying Zhuang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiubing Zhuang,* No. A098 007 830 (B.I.A. June 22, 2015), *aff'g* No. A098 007 830 (Immig. Ct. N.Y. City Nov. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a threshold matter, we lack jurisdiction to review the agency's denial of Zhuang's asylum application as untimely. 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), the agency's time bar ruling was based on credibility determinations, which are factual findings not subject to review in this context. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 331 (2d Cir. 2006); *Ramsameachire v.*

*Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  Accordingly, we dismiss the petition as to the timeliness ruling.

However, we retain jurisdiction to review the adverse credibility determination because it was also the basis for the agency's denial of withholding of removal and CAT relief.

We review the IJ's and BIA's credibility ruling for substantial evidence.  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).  The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements, so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167.  "However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).

Zhuang testified before the IJ in September 2013.  He made no claim that he was persecuted in China. His claim of fear of future persecution was based on his practice of Christianity in the United States beginning in 2011.  The basis for his fear is what his wife wrote to him in a letter she signed on June 14, 2012. CAR 437.  She wrote that she was arrested on May 7,

2012, for receiving religious materials sent by her husband. She alleges that she was detained ten days. She also says, "I did not expect that they would beat me up," CAR 436, but does not affirmatively state that she was beaten or give any description of mistreatment. Pertinent to Zhuang's claim, her letter states that, after police found that the religious materials were sent by her husband, the police said that "they put my husband on blacklist, and that, if her husband returned, "they would arrest him, torture him, and punish him." *Id.*

The IJ found Zhuang not credible. CAR 84. However, from the inconsistencies recited by the IJ in support of that finding, it is apparent that what the IJ found not credible was the wife's letter. The IJ made no finding that the letter was not written by Zhuang's wife or was not received.

The IJ cited two inconsistencies. First, Zhuang was inconsistent "about when and how long his wife was able to attend an underground church in China." CAR 84. He said her attendance started in October 2011 and continued until May 2013. He also said her attendance ended in 2012, which she wrote was the year of her arrest. Then he reverted to 2013 as the ending date. The IJ's questioning indicated her skepticism that the wife

4

would have continued to attend the underground church after her arrest.

The second inconsistency concerned the alleged mistreatment of Zhuang's wife. Zhuang testified that the police poured honey on her body and then put bugs on her body to chew and bite her. Zhuang's application made no mention of this mistreatment. Neither did his wife's letter or a letter from his mother, which reported the wife's arrest. The IJ concluded that "this incident was an embellishment added by [Zhuang] after the fact to strengthen his claim." CAR 86.

The IJ also mentioned the fact that Zhuang did not try to obtain from the post office copies of the receipts for the alleged express mailing of religious materials to his wife because he did not think such receipts would be available.

Under the deferential standard we are obliged to apply to an IJ's adverse credibility finding, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), we cannot disturb the finding in this case. Although "asylum applicants are not required to list every incident of persecution on their [applications]," *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006), the omission here was the core of the mistreatment, not some minor detail. The inconsistency in ending years of the wife's church attendance

5

was also reasonably deemed significant, since the testimony was given just four months after the most recent end of the alleged attendance.

For the foregoing reasons, the petition for review is DISMISSED IN PART as to the agency's ruling regarding the timeliness of the asylum application and DENIED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk